NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50084 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00026-JVS-1 |
| v. | |
| ANTONINO ESTRADA PARTIDA, Jr., AKA Junior, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50136 |
| Plaintiff-Appellee, | D.C. No. 8:16-cr-00026-JVS-2 |
| v. | |
| DELIA MARIA PARTIDA, AKA Delia Marie Partida, AKA Delia Marie Venegas, AKA Delia Marie Zaragoza, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted December 10, 2020**

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges, and KENNELLY,[***] District Judge.

Antonino Estrada Partida, Jr. ("Antonino") and Delia Maria Partida ("Delia") appeal their convictions by a jury for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, and, as to Antonino, for distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). We affirm the defendants' convictions but remand to the district court to modify three of the defendants' supervised release conditions.

Antonino argues that the district court abused its discretion by permitting the government to introduce highly prejudicial gang testimony at trial without properly weighing its probative value and unfairly prejudicial effect under Federal Rule of Evidence 403. We review the district court's ruling that Delia opened the door to the otherwise inadmissible testimony and its decision to admit the evidence over Antonino's Rule 403 objections for abuse of discretion. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) (en banc); *see also United States v. Wells*, 879 F.3d 900, 924 (9th Cir. 2018) (explaining that "the demands of Rule 403" are

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

satisfied if we can "easily find that the lower court implicitly balanced the probative value against the prejudicial effect" (internal quotation marks and citations omitted)).

Delia "introduc[ed] potentially misleading testimony" and created a "false impression" during cross-examination of a government witness by eliciting testimony that suggested there was law enforcement overkill in the investigation that led to the defendants' arrests for drug dealing. *See United States v. Beltran-Rios*, 878 F.2d 1208, 1212 (9th Cir. 1989); *see also United States v. Segall*, 833 F.2d 144, 148 (9th Cir. 1987). To rebut this inference, the government elicited on redirect testimony that the investigation involved significant law enforcement resources because the police were targeting coordinated gang activity in the defendants' neighborhood. *See Beltran-Rios*, 878 F.2d at 1212 (determining that the district court did not abuse its discretion when it "concluded that the Government should have an opportunity to rebut the inference that defense counsel was trying to raise"). The district court did not abuse its discretion when it admitted limited testimony along these lines, and it adequately considered and addressed Antonino's Rule 403 objections to minimize unfair prejudice. *See Wells*, 879 F.3d at 924.

The defendants also argue that the prosecutor committed misconduct during the rebuttal argument by vouching for certain witnesses' credibility, trivializing the

"reasonable doubt" standard of proof, and disparaging the defense counsel and the defense's tactics—all of which, the defendants contend, violated their right to a fair trial.

"A criminal conviction will not be overturned on the basis of a prosecutor's comments unless in context they affected the fundamental fairness of the trial." *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1150 (9th Cir. 2012). Because the defendants did not object during the government's argument, we review for plain error and may reverse only if "there is (1) an error (2) that is plain and (3) that affects substantial rights." *Id.* at 1146.

The defendants' argument that the prosecutor committed improper vouching is unavailing. During closing argument, defense counsel argued that the government's witnesses were lying and biased and had ulterior motives, which prompted a "direct response to defense counsel's express statements to the jury that government witnesses were lying." *See United States v. Wilkes*, 662 F.3d 524, 540 (9th Cir. 2011). As in *Wilkes*, "the prosecutor here merely argued that its witnesses were telling the truth; an argument the prosecutor had to make in order to convict [the defendants]." *See id.* (internal quotation marks and citations omitted).

The defendants' other arguments regarding prosecutorial misconduct during rebuttal also lack merit and do not give rise to plain error. In many instances, we

4

have rejected claims of misconduct similar to those that the defendants assert in this case. *See, e.g.*, *United States v. Rude*, 88 F.3d 1538, 1547-48 (9th Cir. 1996) (rejecting the argument that "the prosecutor's opening statement was peppered with inflammatory jingles" that "persisted throughout the trial, including the prosecution's statements in closing arguments"); *see also Williams v. Borg*, 139 F.3d 737, 745 (9th Cir. 1998) ("A lawyer is entitled to characterize an argument with an epithet as well as a rebuttal."). "Prosecutors have considerable leeway to strike 'hard blows' based on the evidence and all reasonable inferences from the evidence." *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000). Because plain error is lacking, reversal is unwarranted.

Finally, the parties agree that we should remand with instructions to correct three supervised release conditions which, after the defendants in this case were sentenced, were invalidated by *United States v. Evans*, 883 F.3d 1154 (9th Cir. 2018). We held in *Evans* that three "standard" conditions of supervised release— (1) to "meet . . . family responsibilities," (2) to "work regularly," and (3) to "notify third parties of risks that may be occasioned by [the defendant's] criminal record or personal history or characteristics"—are unconstitutionally vague. *Id.* at 1162-64. Accordingly, we remand to the district court to modify these supervised release conditions.

For the foregoing reasons, we **AFFIRM** the defendants' convictions, but

5

**REMAND** to the district court to modify three of the supervised release conditions

it imposed on the defendants.